**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **FULTON TECHNOLOGIES, INC.,** | § | **Case No. 24-40226** |
| | § | **(Chapter 7)** |
| **DEBTOR** | § | |
| | § | |
| | § | |
| **LINDA S. PAYNE, TRUSTEE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Adv. No. 25-04022** |
| | § | |
| **RAVEN UTILITIES, LLC,** | § | |
| **Defendant.** | § | |

**AGREED FINAL JUDGMENT**

Came on to be heard the above entitled and numbered cause wherein Linda S. Payne, in her capacity as Chapter 7 Trustee of the bankruptcy estate of Fulton Technologies, Inc. ("***Plaintiff***" or "***Trustee***") is complaining of the avoidability and recovery of certain transfers from Debtor, Fulton Technologies, Inc. ("***Debtor***") to Raven Utilities, LLC ("***Defendant***"). Based on the agreement between the parties, and without Defendant admitting the allegations of the Complaint, and all evidence before it, the Court finds as follows:

1. On January 31, 2024 ("***Petition Date***"), the Debtor filed a voluntary petition with this Court under Chapter 7 of the Bankruptcy Code.

2. During the ninety (90) days preceding the Petition Date, the Debtor made several transfers to or for the benefit of the Defendant (the "***Transfers***").

3. At the time each Transfer was made, the Defendant was a creditor of the Debtor.

4. The Transfers were made while the Debtor was insolvent.

5. The Transfers enabled the Defendant to receive more than the Defendant would have if: (a) the Transfers had not been made, and (b) the Defendant received payment on such a debt to the extent provided by the provisions of the Bankruptcy Code.

6. The Transfers were made in satisfaction of the debt owed by the Debtor to the Defendant.

7. Accordingly, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b) and may be recovered by the Trustee pursuant to 11 U.S.C. § 550.

**IT IS THEREFORE ORDERED** that the Trustee has and shall recover a final judgment against the Defendant in the amount of $533,295.73 (the "***Judgment***"). **IT IS FURTHER,**

**ORDERED,** that this Judgment shall earn post-judgment interest beginning after the date of entry at the rate allowed by law, and that the Plaintiff shall have all writs and processes as may be necessary in the collection of this Judgment.

Signed on 3/31/2026

Brenda T. Rhoades KC

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

AGREED:

QUILLING, SELANDER, LOWNDS
WINSLETT & MOSER, P.C.
2200 Ross Avenue, Suite 2400
Dallas, Texas 75201
214-880-1814
lmartinez@qslwm.com

By: */s/ Loriann A. Martinez*
Loriann A. Martinez

ATTORNEYS FOR TRUSTEE

PATRICK LAW OFFICES
PO Box 938
Lindale, TX 75771
903-882-6173
glan@patricklawoffices.com

By: *Glen Patrick*
Glen Patrick

ATTORNEYS FOR RAVEN UTLITIES LLC